IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN L. DOMINIQUE, on behalf of THE ESTATE OF FLOYD DOMINIQUE and VIVIAN L. DOMINIQUE, individually, | ) ) ) ) | |
| | ) | No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MONSANTO COMPANY and BAYER AG, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |

## DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant

Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Vivian*

*L. Dominique, on behalf of The Estate of Floyd Dominique, et al. v. Monsanto Company, et al.*,

bearing case number 20CV0102, from the Court of Common Pleas of Henry County, Ohio to the

United States District Court for the Northern District of Ohio.  Pursuant to 28 U.S.C. § 1446(a),

Monsanto provides the following statement of grounds for removal.

## INTRODUCTION

1.     In this products liability lawsuit, Vivian Dominique sues Monsanto and Bayer AG

for injuries and death allegedly caused by Monsanto's Roundup®-branded herbicides, which have

glyphosate as their active ingredient.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control.  Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020.  Nevertheless, Ms. Dominique alleges that exposure to Monsanto's glyphosate-based herbicides caused decedent Floyd Dominique's cancer – specifically, non-Hodgkin's lymphoma ("NHL") – and death.

2.      This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides.  A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407.  *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3.      As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.  Ms. Dominique is an Ohio citizen, as was decedent before his death.  For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation).   Bayer AG is deemed to be a citizen of Germany. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Ms. Dominique seeks

5090192

damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## BACKGROUND AND PROCEDURAL HISTORY

4.      Ms. Dominique commenced this lawsuit in the Court of Common Pleas of Henry County, Ohio by filing a Complaint, captioned *Vivian L. Dominque, on behalf of The Estate of Floyd Dominique, et al. v. Monsanto Company, et al*., case number 20CV0102, on or about November 30, 2020 (the "State Court Action").

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action are attached as **Exhibit 1**.  This lawsuit seeks damages for NHL and death allegedly caused by exposure to Monsanto's glyphosate-based herbicides.  *See* Complaint ¶¶ 1, 6, 16, 137-39, 142-45, 148-151, 172-74, 196-99, 216, 220-21, 232-33, 245-47.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6.      Ms. Dominique is, and was at the time the State Court Action was filed, an Ohio resident and citizen, and decedent was an Ohio resident and citizen before and when he died.  *See* Complaint ¶¶ 5, 7, 10, 15-18; Selected Filings From Court File, Case Number 20161160 (*Estate of Dominique Floyd*), Probate Court for Henry County, Ohio (attached collectively as **Exhibit 2**).

7.      Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri.  *See* Complaint ¶¶ 8, 19.  Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8.      Bayer AG is, and was at the time the State Court Action was filed, a German stock company with its principal place of business in Germany.  *See* Complaint ¶¶ 12, 28.  Accordingly,

Bayer AG is deemed to be a citizen of Germany, a foreign citizen, for purposes of diversity jurisdiction.

9.      The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused decedent's cancer (NHL) and death. Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement.  28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332.").  In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10.     In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS

11.     The Court of Common Pleas of Henry County, Ohio, is located within the Northern District of Ohio.  Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

12.     On February 25, 2021, Ms. Dominique's counsel sent a "Notice of a Lawsuit and Request to Waive Service of Summons" for this lawsuit to Monsanto's registered agent. Monsanto's registered agent received that mailing on March 2, 2021.  On March 5, 2021, Monsanto's counsel signed the waiver of service and sent it to Ms. Dominique's counsel. Regardless of which of those dates is the operative date, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because Monsanto is filing the Notice of Removal within 30 days of the earliest date (February 25, 2021).

13.     Bayer AG's consent to removal is not required because Bayer AG has not been served in the State Court Action.  28 U.S.C. § 1446(b)(2)(A).  Bayer AG's consent to removal also is not required because Bayer AG has not been "properly joined."  *Id.*  Courts in Ohio lack personal jurisdiction over Bayer AG for the claims asserted against it in this case.  Moreover, this lawsuit does not assert any viable claims against Bayer AG because: (a) any alleged exposure to Roundup®-branded herbicides at issue in this case necessarily ended in 2016, Complaint ¶ 148; (b) the transaction that resulted in Monsanto becoming an indirect, wholly-owned subsidiary of Bayer AG occurred later (in 2018); and (c) Bayer AG did not assume any of Monsanto's liabilities for personal injury claims arising out of alleged exposure to Roundup®-branded herbicides.

14.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Court of Common Pleas of Henry County, Ohio and will be promptly served on Ms. Dominique.

15.     Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

16.     If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

5

5090192

## <u>CONCLUSION</u>

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED:  March 26, 2021                    Respectfully submitted,

*/s/Madeline  B. Dennis*
John Q. Lewis (0067235)
Madeline B. Dennis (0092353)
Tucker Ellis LLP
950 Main Avenue—Suite 1100
Cleveland, OH  44113-7213
Telephone      216.592.5000
Facsimile:      216.592.5009
Email:          john.lewis@tuckerellis.com
                madeline.dennis@tuckerellis.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

5090192

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Notice of Removal* was filed electronically on March 26, 2021 and that service of the same on all counsel of record will be made by the Court's CM/ECF system.  Parties may access this filing through the Court's system.  A copy was also served via regular U.S. mail to Plaintiff's counsel at:

> James G. O'Brien
> O'BRIEN LAW LLC
> 405 Madison Avenue, 10th Floor
> Toledo, OH  43604
> jim@obrien.law

*/s/ Madeline B. Dennis*
Madeline B. Dennis (0092353)
*One of the Attorneys for Defendant*
*MONSANTO COMPANY*

5090192